IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIANCA VELEZ,

Plaintiff,

CASE NO.:

-vs-

UNITED STATES OF AMERICA and
KATHLEEN C. BRANNON,

Defendants.
_____/

## COMPLAINT

COME NOW the Plaintiffs, BIANCA VELEZ, by and through her undersigned attorneys, and sue Defendants, UNITED STATES OF AMERICA and KATHLEEN C. BRANNON, and allege:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00).

2. That this case is under the Federal Tort Claims Act, 28 U.S.C. §2671 - §2680, §1346(b), §2401(b) and §1402(b).

3. That this Court has jurisdiction pursuant to 28 U.S.C. §1356(b)(1) in that it involves a claim for personal injury caused by the negligent or wrongful act or omission of an employee of the United States of America.

4. All conditions precedent and prerequisites to filing suit have been met pursuant to 28 U.S.C. §2675. A copy of the Claim for Damage, Injury or Death (Form SF 95) is attached as Exhibit "A" to this Complaint.

5. At all times material hereto Defendant, KATHLEEN C. BRANNON, was a resident of Mulberry, Polk County, Florida.

6. At all times material hereto Plaintiff, BIANCA VELEZ, was a resident of Lakeland, Polk County, Florida.

7. On or about April 6, 2010, Defendant, UNITED STATES OF AMERICA, owned a motor vehicle that was operated with its consent by Defendant, KATHLEEN C. BRANNON at or near the intersection of State Road 540A and Quail Ridge Drive, in Lakeland, Polk County, Florida.

8. At that time and place Defendant, KATHLEEN C. BRANNON, negligently operated or maintained the motor vehicle owned by Defendant, UNITED STATES OF AMERICA, so that it collided with Plaintiff, BIANCA VELEZ'S bicycle.

9. At the time of the accident, KATHLEEN C. BRANNON was acting in the course and scope of her employment and/or duties with the UNITED STATES OF AMERICA.

## COUNT I

### VICARIOUS LIABILITY OF UNITED STATES OF AMERICA

Plaintiff, BIANCA VELEZ, reiterates and realleges the allegations contained in paragraphs 1 through 9 as if fully set forth herein and would further allege:

10. By virtue of the employer-employee relationship existing between the Defendant, UNITED STATES OF AMERICA, and Defendant, KATHLEEN C. BRANNON, the Defendant, UNITED STATES OF AMERICA, is vicariously liable for the negligent acts of Defendant, KATHLEEN C. BRANNON, committed in the course and scope of her employment duties.

11. Defendant, UNITED STATES OF AMERICA, is also vicariously liable as the owner of the vehicle operated by KATHLEEN C. BRANNON under Florida's dangerous instrumentality law.

12. As a direct result of KATHLEEN C. BRANNON'S negligence, Plaintiff, BIANCA VELEZ suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and possible aggravation of a previously existing asymptomatic condition. The losses are either permanent or ongoing and Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff, BIANCA VELEZ, demands judgment against the Defendant, UNITED STATES OF AMERICA, for damages, interest and costs, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT II

### NEGLIGENCE AGAINST KATHLEEN C. BRANNON

Plaintiff, BIANCA VELEZ reiterates and realleges the allegations contained in paragraphs 1 through 9 as if fully set forth herein and would further allege:

13. Alternatively, if it is determined that Defendant, KATHLEEN C. BRANNON, was not acting within the course and scope of her employment and/or duties with the UNITED STATES OF AMERICA, then the Defendant, KATHLEEN C. BRANNON, is personally liable for her negligent acts committed while operating a motor vehicle in the State of Florida.

14. As a direct result of KATHLEEN C. BRANNON'S negligence, Plaintiff, BIANCA VELEZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and possible aggravation of a previously existing asymptomatic condition. The losses are either permanent or ongoing and Plaintiff will continue to suffer the losses in the future.

**WHEREFORE,** the Plaintiff, BIANCA VELEZ demands judgment against the Defendant, KATHLEEN C. BRANNON, for damages, interest, and costs, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 11th day of July, 2011.

_____
James D. Arnold, Jr, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0467146
Attorney for Plaintiff

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the Instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: National Tort Center United States Postal Service P.O. Box 66640, St. Louis, MO 63414-1664 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Bianca Velez 1337 Thomasville Circle Lakeland, FL 33813 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 8-4-91 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT Wednesday, April 7, 2010 | 7. TIME (A.M. or P.M.) 3:00 |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.) Ms. Velez was riding her bicycle on CR 540. While Ms. Velez's bicycle started rolling down the pavement and she tried to apply the brakes and the defendant in a U.S. Postal vehicle hit Ms. Velez while she was on her bicycle.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code). Bianca Velez, 1337 Thomasville Circle, Lakeland, Florida 33813.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) Mongoose Bravo purchased in 2009 for $198. There was damage to the handle bars and back tire.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Ms. Velez complained of headaches, neck, left shoulder, upper and lower back pain and bilateral leg and knee pains. Ms. Velez had chiropractic and neurological treatment and was diagnosed with lumbar sprain and strain and right knee sprain and strain.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | N/A |

12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $198.00 | $175,000.00 | N/A | $175,198.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) [signature] | 13b. Phone number of person signing form 813-223-0971 | 14. DATE OF SIGNATURE 11/10/10 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109     EXHIBIT "A"     NSN 7540-00-634-4046     STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2

| INSURANCE COVERAGE | |
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | |
| 15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☑ No | |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  N/A | 17. If deductible, state amount.  N/A |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)  N/A | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☑ No | |

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.